IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY MILES, B75226, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 24-cv-1286-DWD |
| JOHN DOE 1, | ) |
| DAVID MITCHELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights concerning events that transpired at Pinckneyville Correctional Center in May of 2022. (Doc. 1). Specifically, Plaintiff complains that his rights were violated when he bought a bag of individual serving coffee packets on commissary only to discover the packets were smaller than usual, and cost more than previous coffee purchases. Plaintiff's complaint is subject to dismissal for multiple reasons.

According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

Plaintiff indicated in the litigation history submitted with this complaint that he has accrued strikes in Miles 1 (23-cv-3562), Miles 2 (23-cv-3563), Miles 3 (23-cv-3564), Miles 6 (23-cv-3567), Miles 10 (23-cv-3571), and Miles 12 (23-cv-3579). If an inmate has three strikes under 28 U.S.C. § 1915(g), then he may not proceed without paying the full civil filing fee of $405. The only exception to this requirement is if an inmate demonstrates that he is in imminent physical danger, a requirement which Plaintiff has not met on the facts presented. In addition to the six strikes that Plaintiff identified with his litigation history, the undersigned has also in recent months explained the implications of strikes to Plaintiff in another case, *Miles v. Wexford Health Care, et al.*, Case No. 24-cv-1064-DWD. In case 24-cv-1064, on April 16, 2024, the undersigned explained to Plaintiff the importance of accurately disclosing his litigation history, and it also explained that as an individual with three strikes, Plaintiff cannot file a new matter unless he demonstrates imminent danger or pays the full fee of $405 dollars. *Miles v. Wexford Health Care*, Case No. 24-cv-1064-DWD (April 16, 2024, Order, Doc. 7).

Despite the explanation provided in Case No. 24-cv-1064, Plaintiff has filed an additional nine cases after the Court's Order on April 16, 2024. In the newest nine cases, which include the above-captioned case, Plaintiff has accurately disclosed his six strikes, but that is not the end of the inquiry. As the Court has already explained to Plaintiff, he must also pay the full $405 filing fee or demonstrate that he is in imminent danger related to the claims in the case.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Here, Plaintiff's complaint concerns his frustration about a single coffee purchase from the prison commissary more than two years ago. He alleges that when he visited the commissary in May of 2022, he bought a bundle of single serve coffee packets, only to discover that the packets cost more than previous coffee purchases and contained less coffee grounds. The allegations plainly do not support a finding of imminent danger. The described incident occurred more than two years ago at Pinckneyville, but Plaintiff is now housed at Menard. He does not describe any form of continuing or emergency danger posed by the single disappointing purchase.

Additionally, the facts alleged suggest that at most Plaintiff complains of a deprivation or harm related to personal property. The Illinois Court of Claims provides an exclusive remedy for "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative

officer or agency," 705 ILCS 505/8(a), and "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit," 705 ILCS 505/8(d).  The state remedy for the deprivation of an inmate's property provides an adequate remedy at law.  *See e.g., Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999).  Thus, even if Plaintiff did not have 3 strikes, and even if he paid the full filing fee, his complaint would still be destined to fail.

To date, Plaintiff has now filed twenty-five cases in the span of approximately 8 months.  Already this spring, he was twice informed that he had three strikes and could not initiate new litigation without paying the full filing fee and/or demonstrating imminent danger.  *See Miles v. Wexford, et al.*, Case No. 24-cv-1064-DWD; *Miles v. Does 1, et al.*, 24-cv-1062-NJR.  Despite these warnings, Plaintiff filed another nine new cases after being informed he had 3 strikes.  Against this backdrop, and in light of the factual allegations in this lawsuit, it appears that Plaintiff's litigation is becoming increasingly frivolous and harassing in nature.

Courts possess authority to implement restrictions or filing bans for litigants who become unmanageable or whose litigation efforts needlessly absorb court resources.  *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), *and Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).   Plaintiff was previously warned by the Chief Judge of this District that if he continued to file excessive, frivolous cases, then he may be subject to a sanction or a filing ban.  *See e.g., Miles v. Mitchell*, 2023 WL 7553850 (S.D. Ill. Nov. 14, 2023), Case No. 23-cv-3562-NJR (Doc. 9).  The Court now finds that the present case is frivolous and is the sort of conduct contemplated by earlier warnings in this

District. However, sanctions such as a filing ban are drastic, so the Court will issue Plaintiff one final warning before he is subject to a filing ban. The present case that concerns a single commissary transaction at a former prison more than two years ago is frivolous. This case was filed amongst a recent batch of 8 cases filed on the same day. (Case Nos. 24-cv-1282-SPM; 24-cv-1283-SPM; 24-cv-1284-DWD; 24-cv-1285-SMY; 24-cv-1286-DWD; 24-cv-1287-DWD; 24-cv-1288-SPM; 24-cv-1289-SMY). <u>If Plaintiff files any future cases either as a standalone or in mass batches, and those cases are found to be frivolous or lack a showing of imminent danger, then Plaintiff may be subject to a filing restriction in this District.</u> **Plaintiff is required to disclose this Order with any future filings**.

As a standalone sanction for this frivolous filing, the Court will now dismiss this case with prejudice. *See e.g. Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (discussing the district court's inherent authority to dismiss a case as a sanction); *Hughes v. Varga*, 2021 WL 3028145 (7th Cir. July 19, 2021) (finding that a court had inherent authority to dismiss a case with prejudice where the inmate litigant willfully abused the judicial process). Despite having incurred six strikes, and having been twice warned that strikes meant he could not proceed without imminent danger or the full $405 filing fee, Plaintiff continues to file countless cases in this District. The accrual of many filing fees seems to be no deterrent, and the imposition of previous strikes does not appear to have slowed Plaintiff's pace of filing. Given that the typical deterrents to voluminous inmate litigation—strikes and fees—have had no impact on Plaintiff, the Court now finds that

the dismissal of this action with prejudice is an appropriate sanction because lesser sanctions have failed to curtail Plaintiff's filing conduct.

The full filing fee of $405 attached at the time that Plaintiff filed this lawsuit, so he remains obligated to pay that fee.  *See* 28 U.S.C. § 1915(b)(1); *Pope v. William*, 2019 WL 11585361 (N.D. Ill. Sept. 25, 2019) (dismissing two cases as a sanction and finding that plaintiff was still obligated to pay the full filing fee).

## Disposition

**IT IS HEREBY ORDERED THAT** this case is dismissed with prejudice as a sanction for Plaintiff's continual litigation despite his 3 strikes, and because the complaint fails to state a claim.  Plaintiff **must disclose this Order** with any future case that he files.

The Clerk of Court is **DIRECTED** to collect the $405 filing fee for this matter.  The Clerk of Court is also **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 15, 2024

_____
DAVID W. DUGAN
United States District Judge